# Exhibit 2



IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| THI LE and UYEN MAI, | FILED IN DISTRICT COURT OKLAHOMA COUNTY |
|---|---|
| Plaintiffs, | CJ-2023-976   FEB 23 2023 |
| v. | Case No: CJ-2023- |
| STATE FARM FIRE AND CASUALTY COMPANY, and MGARCIA ROOFING, LLC. | RICK WARREN COURT CLERK 109 _____ |
| Defendants. | **JURY TRIAL DEMANDED** |

## PETITION

Plaintiffs Thi Le and Uyen Mai, for their causes of action against Defendants, State Farm Fire and Casualty Company ("State Farm"), and Mgarcia Roofing, LLC, allege and state as follows:

1. At all times material hereto, the Le Family was insured under State Farm Policy No. 36-BF-Q193-0.

2. The Le Family are residents of Broken Arrow, Tulsa County, Oklahoma, and citizens of the State of Oklahoma.

3. During the policy period, the Le family's home sustained damage due to a storm that occurred on or about February 25, 2022. The resulting damage is a covered cause of loss that occurred while the Le family was insured by Defendant State Farm (Claim No. 36-30X7-20W).

4. The Le Family submitted a claim for this loss to State Farm, made the premises available for inspection by State Farm's adjusters, cooperated in the limited investigation that State Farm performed, and otherwise complied with all conditions precedent to recovery under the subject insurance policy.

5. Defendant State Farm is a foreign corporation incorporated in Illinois and maintains its principal place of business in a state other than Oklahoma. State Farm is authorized to transact

**EXHIBIT 2**

business within the State of Oklahoma and may be served with process through its designated service agent, identified as Oklahoma Insurance Commissioner, Glen Mulready, 400 N.E. 50th Street, Oklahoma City, Oklahoma 73105.

6. Defendant Mgarcia Roofing, LLC is incorporated and domiciled in the State of Oklahoma and maintains its principal place of business in Oklahoma. Mgarcia Roofing may be served with process through its designated service agent, identified as Martha Garcia at 3674 S. 108th E. Ave., Tulsa OK 74146.

7. Based on the foregoing, this Court has jurisdiction over these parties and this subject matter, and venue is proper herein.

## COUNT I

The Le Family fully incorporates each and every allegation in the preceding paragraphs of this Petition as if each were fully iterated verbatim herein, and for their claims against only Defendant State Farm, allege and state:

8. State Farm breached the subject insurance contract by wrongfully denying coverage and failing and refusing to pay the proper amounts due under the policy for the covered damage to Plaintiffs' home.

9. State Farm breached the contract and the implied covenant of good faith and fair dealing in the insurance contract, as a matter of standard business practice, in the following respects:

   a. failing and refusing payment and other policy benefits on behalf of Plaintiffs at a time when Defendant knew that Plaintiffs were entitled to those benefits;

   b. failing to properly investigate Plaintiffs' claims and to obtain additional information;

c. withholding payment of the benefits on behalf of Plaintiffs knowing that Plaintiffs' claims for those benefits were valid;

d. refusing to honor Plaintiffs' claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

e. refusing to honor Plaintiffs' claims in some instances by applying restrictions not contained in the policy;

f. refusing to honor Plaintiffs' claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

g. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiffs' claims;

h. not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiffs' claims once liability had become reasonably clear;

i. forcing Plaintiffs, pursuant to its standard claims practice, to retain counsel in order to secure benefits State Farm knew were payable;

j. failing to properly evaluate any investigation that was performed;

k. refusing to consider the reasonable expectations of the insured;

l. refusing to consider evidence of insured home's pre-loss condition in determining scope of repair, and denying this claim;

m. hiring biased experts and consultants to aid in underpayment of claims (as a matter of routine business practice);

n. refusing to pay for appropriate repairs for damage it admits are owed;

o. misrepresenting Plaintiffs' policy language;

p.  refusing to consider evidence presented by Plaintiffs regarding the repairability of their roof;

q.  refusing to consider Oklahoma code, manufacturer specifications, and industry standards when determining the necessary and proper repairs to restore Plaintiffs' home to its pre-loss condition;

r.  acknowledging the Le Family home's roof was not repairable and then withholding payment of benefits to correct the issues;

all in violation of the implied covenant of good faith and fair dealing and resulting in financial benefit to the Defendant State Farm.

10. As a direct result of the above-described wrongful acts and omissions by State Farm, Plaintiffs suffered loss of the coverage by State Farm, mental and emotional distress, and embarrassment.

11. State Farm's acts and omissions were made with reckless disregard for Plaintiffs' rights and/or were done intentionally and with malice and, therefore, Plaintiffs are entitled to recover punitive damages.

## COUNT II

**The Le Family asserts it suffered a covered cause of loss under the policy. However, based on Defendant State Farm's denial, the Le Family are forced to bring this claim in the alternative against Defendant MGarcia Roofing, LLC.** The Le Family fully incorporates each and every allegation in the preceding paragraphs in this Petition as if each were fully iterated verbatim herein and, in the alternative, for its additional claims against only Defendant MGarcia Roofing, LLC, allege and state:

12. Defendant MGarcia Roofing is an Oklahoma company hired by Plaintiffs to repair the roof on the insured property.

13. Plaintiffs entered into a contract with Defendant MGarcia Roofing to perform work on the roof at issue.

14. According to Defendant State Farm, Defendant MGarcia Roofing breached the parties' contract by failing to appropriately repair and maintain the roof. Defendant State Farm refused to pay policy benefits based in part on an exclusion allegedly arising from Defendant MGarcia Roofing's work on the insured property.

15. Defendant State Farm's breach of contract resulted in damage to the insured property both within and outside of Defendant MGarcia Roofing's contractual scope. Some of this damage was the subject of Plaintiffs' claim under Plaintiffs' policy with Defendant State Farm. This insurance claim is the subject of Plaintiffs' insurance breach of contract and bad faith claims in Count I.

16. Plaintiffs have in all material ways complied with the terms and conditions of its contract with Defendant State Farm.

17. As a direct result of the described breach of contract, Plaintiffs suffered financial loss, loss of policy benefits, and other consequential damages.

## COUNT III

**Plaintiffs assert they suffered a covered cause of loss under the policy. However, based on Defendant State Farm's denial, Plaintiffs are forced to bring this Count in the alternative against Defendant MGarcia Roofing.** Plaintiffs fully incorporate each and every allegation in the preceding paragraphs in this Petition as if each were fully iterated verbatim herein, and for their additional claims against only Defendant MGarcia Roofing, allege and state:

18. Plaintiffs hired Defendant MGarcia Roofing to repair the roof of their home.

19. Defendant MGarcia Roofing entered into an oral contract with Plaintiffs to perform this work (see Count II).

20. Defendant MGarcia Roofing completed the repairs both inside and outside its scope of work identified in the work order.

21. Defendant MGarcia Roofing owed Plaintiffs a duty to act with reasonable care, skill, and diligence during the repairs.

22. Defendant MGarcia Roofing owed Plaintiffs a duty to repair the roof by appropriate techniques.

23. According to Defendant State Farm, Defendant MGarcia Roofing was negligent and breached its duties owed to Plaintiffs by negligently performing repairments on the roof and/or roof components.

24. Defendant State Farm denied parts of Plaintiffs' insurance claim based on the alleged work by Defendant MGarcia Roofing. According to Defendant State Farm, Defendant MGarcia Roofing performed negligent work resulting in damage to Plaintiffs' home—this resulting damage both inside and outside the scope of Defendant MGarcia Roofing's agreed scope of work with Plaintiff.

25. Plaintiffs were damaged as a direct and proximate result of Defendant MGarcia Roofing's negligence.

26. As a result of Defendant MGarcia Roofing's negligence, Plaintiffs suffered economic and noneconomic damages, including extensive repair expense and loss of insurance benefits covered under Defendant State Farm's policy, and other consequential damages.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants State Farm and MGarcia Roofing for their damages, both compensatory damages and punitive damages, with interest and costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate. The amount sought as damages is in excess of the jurisdictional amount required for diversity jurisdiction pursuant to § 1332 of Title 28 of the United States Code.

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIM**

MANSELL & ENGEL

By: _____
M. Adam Engel, OBA #32384
Jordyn L. Cartmell, OBA #31043
Casey R. Lawson, OBA #33947
204 North Robinson, 21st Floor
Oklahoma City, OK 73102-7201
T: (405) 232-4100 ** F: (405) 232-4140
E-mail: aengel@meclaw.net
        jcartmell@meclaw.net
        clawson@meclaw.net

**ATTORNEYS FOR PLAINTIFFS**