**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

THI LE and UYEN MAI,                )
                                    )
     Plaintiffs,                   )
                                    )
v.                                  )     Case No. CIV-23-380-SLP
                                    )
STATE FARM FIRE AND CASUALTY        )
COMPANY,                            )
                                    )
     Defendant.                    )

**O R D E R**

Before the Court is Defendant's Motion to Dismiss First Amended Complaint for
Failure to State a Claim and Brief in Support [Doc. No. 7]. Plaintiffs have responded [Doc.
No. 11] and Defendant has replied [Doc. No. 14]. The matter is fully briefed and ready for
determination. For the reasons set forth below, Defendant's Motion is DENIED.

## I.    Background

This action arises from damage to Plaintiffs' property as a result of a storm. The
action was originally filed in state court and removed to federal court on the basis of
diversity of citizenship.[1] The First Amended Complaint [Doc. No. 6] alleges Defendant
breached its insurance contract with Plaintiffs and further breached the implied covenant
of good faith and fair dealing. Am. Compl., ¶¶ 8-9.

---

[1] At the time of removal, MGarcia Roofing LLC (Mgarcia) was named as an additional, non-
diverse defendant but Defendant alleged Mgarcia was fraudulently joined. *See* Notice of Removal
[Doc. No. 1]. Plaintiffs then filed a First Amended Complaint and dropped Mgarcia as a defendant.

## II.    <u>Governing Standard</u>

In considering a dismissal motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must determine whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A pleading must contain "a short and plain statement of the claim to show that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To survive dismissal, a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that they defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

For purposes of the motion to dismiss, the court accepts as true all well-pleaded facts in the complaint and construes those facts in the light most favorable to the plaintiff. *Western Watersheds Project v. Michael*, 869 F.3d 1189, 1193 (10th Cir. 2017). The court does not, however, accept as true conclusory statements or legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III.   <u>Factual Allegations of the First Amended Complaint</u>

Plaintiff's claims arise out of an insurance policy (the Policy) issued by Defendant to Plaintiffs. First Am. Compl., ¶ 1. Plaintiffs' home sustained damage as a result of a wind and hail storm on or about February 25, 2022. *Id.*, ¶¶ 3, 12.

Plaintiffs submitted a claim under the Policy for property damage resulting from the storm. *Id.*, ¶ 4. Defendant acknowledged damage to Plaintiffs' property but denied Plaintiffs' claim asserting the cost to repair any damage was below Plaintiffs' deductible and no payments would be made. *Id.*, ¶ 14.

Plaintiffs then submitted proof to Defendant that the shingles on the roof of their home had been discontinued and, therefore, the damage could not be repaired with like kind and quality materials, as required under the Policy. *Id.*, ¶ 15. Defendant, however, refused to reinspect the property. *Id.*, ¶ 16.

Thereafter, Plaintiffs hired a roofing professional to inspect their home. The roofer documented and submitted additional evidence to Defendant demonstrating the damage caused by wind and hail to the roof of their home and that the proposed repairs could not be performed due to the discontinued shingles. *Id.*, ¶¶ 19-20. Defendant did not investigate or evaluate the additional evidence. *Id.*, ¶ 21. Instead, Defendant proposed to Plaintiffs' roofer that a different shingle of a different size could be used to effect the repairs, and that the roofer would need to cut the nonconforming shingles to fit on the roof. *Id.*, ¶ 22.

Plaintiffs submitted to Defendant an estimate prepared by its public adjuster. The estimate detailed the type of roof, the extent of the damage, and the approximate amount it would take to perform the necessary repairs on the roof. *Id.*, ¶ 24. The cost of the estimated repairs exceeded $50,000. *Id.*, ¶ 25.

Defendant acknowledged the proposed repairs could not be performed due to the discontinued shingle, but reassigned Plaintiffs' claim to a different adjuster who denied the

claim.  *Id.*, ¶ 27.  Defendant refused to consider evidence of the pre-loss condition of Plaintiffs' home in considering the scope of repairs.  *Id.*, ¶ 29.  Plaintiffs' claim was grossly underpaid and denied.  *Id.*, ¶ 29.

With respect to their bad faith claim, Plaintiffs allegations include the following:

- Defendant failed to properly investigate, evaluate and/or pay the claim;

- Defendant ignored meteorological data and information about the materials on Plaintiffs' roof;

- Defendant ignored documentation provided to it by Plaintiffs' roofer and public adjuster and failed to provide this information to its consultants relevant to the evaluation of the claim;

- Defendant has routine business practices of unreasonably lowballing insurance claims and hiring biased investigators to keep claim payments unreasonably low.

*Id.*, ¶¶ 30-33, 37-38, 42, 46.  Plaintiffs also seek punitive damages and alleges Defendant's conduct was made "with reckless disregard for [Plaintiffs'] rights and/or were done intentionally and with malice[.]"  *Id.*, ¶ 99.

Defendant seeks dismissal of Plaintiffs' First Amended Complaint.  Defendant argues: (1) disputing coverage alone is not bad faith; (2) allegations borrowed from other cases do not show Defendant acted in bad faith;[2] and (3) conclusory allegations cannot suffice to state a claim for bad faith.  Defendant particularly takes issue with Plaintiffs'

---

[2] Plaintiffs include a number of allegations concerning Defendant's "routine business practices" and make reference to cases involving "recent jury trials."  *See* First Am. Compl., ¶¶ 65-69. Plaintiffs also reference the volume of federal court litigation against State Farm arising from wind and hail claims in Oklahoma.  *Id.*, ¶¶ 74-85.

allegations regarding Defendant's "routine business practices" as insufficient to demonstrate bad faith.

## IV.   Discussion

Under Oklahoma law, the elements of a claim for bad faith, or more precisely, a claim for breach of the duty of good faith and fair dealing are: "1) the plaintiff's loss was covered under the insurance policy issued by the insurer; 2) the insurer's refusal to pay the claim in full was unreasonable under the circumstances because it had no reasonable basis for the refusal, it did not perform a proper investigation, or it did not evaluate the results of the investigation properly; 3) the insurer did not deal fairly and act in good faith with the plaintiff; and 4) the insurer's violation of its duty of good faith and fair dealing was the direct cause of the injury sustained by the plaintiff." *Bailey v. Farmers Ins. Co., Inc*., 137 P.3d 1260, 1264 (Okla. Civ. App. 2006) (citations omitted).

An insurer's refusal to pay is not unreasonable or in bad faith when there is a legitimate dispute concerning coverage. *Andres v. Okla. Farm Bureau Mut. Ins. Co*., 227 P.3d 1102, 1107 (Okla. Civ. App. 2009) (citing, inter alia, *Christian v. Am. Home Assur. Co*., 577 P.2d 899, 904 (Okla. 1977)).  Although an insurer may reasonably refuse to pay a disputed claim, "a legitimate dispute as to coverage will not act as an impenetrable shield against a valid claim of bad faith;" for example, an inadequate investigation of a claim may permit a finding that an insured acted unreasonably and in bad faith.  *See Timberlake Const. Co. v. U.S. Fidelity & Guar. Co*., 71 F.3d 335, 343, 345 (10th Cir. 1995); *see also Bannister v. State Farm Mut. Auto Ins. Co*. 692 F.3d 1117, 1127-28 (10th Cir. 2012).

Here, Plaintiffs have provided sufficient allegations to nudge their "claim[]across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Construing the allegations as true and in the light most favorable to Plaintiffs, they allege that Defendant's investigation was outcome-based and designed to deny the claim. *See, e.g, Oulds v. Principal Mut. Life Ins. Co*., 6 F.3d 1431, 1442 (10th Cir. 1992) (investigation of a claim may permit inference of bad faith particularly if "the manner of investigation suggests that the insurer has constructed a sham defense to the claim or has intentionally disregarded undisputed facts supporting the insured's claim"). Plaintiffs' factual allegations show more than a legitimate dispute about coverage. Plaintiffs allege Defendant insisted on a partial roof repair and refused to consider evidence that a total roof replacement was necessary.

Other courts have found similar allegations sufficient to state a plausible claim of breach of the implied duty of good faith and fair dealing. *See, e.g., W-W Trailer Manufacturers, Inc. v. Travelers Indemnity Co. of Connecticut*, No. CIV-20-094-RAW, 2020 WL 4457772 at *1 (E.D. Okla. Aug. 3, 2020) (allegations sufficient to withstand dismissal where the plaintiff alleged, inter alia, "that after being provided with evidence demonstrating that Plaintiff's loss was covered under the policy, Defendant engaged in an outcome-based investigation of Plaintiff's claim designed to deny the claim, ignored covered damage, and utilized biased vendors designed to deny Plaintiff's claim"); *Atlantis Car Care, Inc. v. Phoenix Ins. Co*., No. CIV-19-524-D, 2019 WL 3892867 at *2 (W.D. Okla. Aug. 19, 2019) (allegations that "Defendant demanded a partial roof repair that could not actually be completed, and that Defendant refused to consider evidence that a total roof

replacement was necessary" constituted "minimally sufficient allegations to state a claim of insurer's bad faith" under Oklahoma law); *Surfside Japanese Auto Parts & Serv. V. Berkshire Hathaway Homestate Ins. Co*., No. 18-CV-487-TCK-FHM, 2019 WL 2648814 at *3 (N.D. Okla. June 27, 2019) (allegations that insurer's engineer ignored relevant weather data showing numerous hailstorms during the coverage period with hail sufficient in size and wind speed to cause the damage at issue were sufficient to state a claim for bad faith denial of insurance benefits).

The Court finds the cases relied upon by Defendant distinguishable. Those cases found dismissal proper based on conclusory allegations of bad faith, unsupported by factual allegations sufficient to create any inference of bad faith or otherwise wholly conclusory. *See, e.g., Morgan v. Provident Life & Accident Ins. Co*., No. CIV-20-180-D, 2021 WL 3216469 at *3 (W.D. Okla. July 29, 2021) (dismissing bad faith claim where the plaintiff provided "a laundry list of things that might constitute unreasonable, bad faith conduct by an insurer in handling a loss claim" but alleged "no facts that would permit a reasonable inference that any of that conduct occurred in Defendant's handling of the claim"); *K2 Groceries, Inc. v. Employers Mut. Cas. Co*., No. CIV-14-1235-HE, 2015 WL 1015325 at *2 (W.D. Okla. Mar. 9, 2015) (allegation that insurer had not paid plaintiffs the amount plaintiff's contractor estimated as repair costs did not support inference that insurer acted unreasonably); *Rivera v. Hartford Ins. Co. of the Midwest,* No. CIV-14-1082-HE, 2015 WL 1014633 at *2 (W.D. Okla. Mar. 9, 2015) (a disparity in payment alone is insufficient to state a claim for bad faith under Oklahoma law); *Daily v. USAA Cas. Ins. Co*., No. CIV-

14-0550-HE, 2014 WL 12729172 at * 1 (W.D. Okla. Nov. 19, 2014) (allegations that defendant's investigation was "outcome oriented" rather than "fair and objective" contained no "specifics" and failed to meet the "*Twombly* standard"); *Bunnell v. Am. Bankers Ins. Co. of Fla.*, No. 12-CV-00372-R, 2013 WL 9554564 at *2 (W.D. Okla. July 17, 2013) (finding plaintiffs failed to plead any actual facts in support of their conclusory allegations as to the extent of their property damage so as to support their expectation that a general contractor would be needed to facilitate repairs); *Scheffler v. Am. Republic Ins. Co.*, No. 11-CV-760-CVE-TLW, 2012 WL 602187 at *3 (N.D. Okla. Feb. 23, 2012) (dismissing bad faith claim where the plaintiff did not set forth a single factual allegation in support of conclusory statements that defendant failed to promptly investigate claim, delayed payment, misread or misconstrued policy and imposed burdensome documentation demands).[3]

Having reviewed the First Amended Complaint and the parties' briefing submissions, the Court finds dismissal is not warranted. Plaintiffs' factual allegations, though minimal, are supported by more than mere conclusory assertions and, accepted as true, provide a reasonable inference of bad-faith conduct.

---

[3] To the extent the parties have relied on cases decided at the summary judgment stage, those cases are not helpful to the Court's Rule 12(b)(6) analysis which adheres to a plausibility standard and which must be conducted before any development of the factual record.

**V.**  **Conclusion**

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss First Amended Complaint for Failure to State a Claim and Brief in Support [Doc. No. 7] is DENIED.[4]

IT IS SO ORDERED this 8th day of November, 2023.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[4] Defendant's dismissal motion focuses on Plaintiff's claim for breach of the covenant of good faith and fair dealing.  Defendant has not addressed Plaintiff's breach of contract claim, to the extent Plaintiff brings such a claim as a separate claim for relief.